**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KELVIN COLEMAN,<br>*Individually and as*<br>*Plaintiff ad Litem for:*<br><br>KELVIN DOBBS,<br>*Deceased,*<br><br>Plaintiffs,<br><br>*v.*<br><br>CITY OF PAGEDALE,<br>*A Municipal Corporation,*<br><br>and<br><br>PAGEDALE POLICE DEPARTMENT,<br><br>and<br><br>JOHN DOE #1,<br>*A Pagedale Police Officer,*<br><br>and<br><br>JOHN DOE #2,<br>*A Pagedale Jailor,*<br><br>*Defendants.* | ) | JURY TRIAL DEMANDED<br><br>CAUSE NO.:<br>DIVISION NO.: |

## **COMPLAINT**

COME NOW, Plaintiffs, KELVIN COLEMAN ("Coleman" or collectively "Plaintiffs"), individually and as *Plaintiff ad Litem* for KELVIN DOBBS ("Dobbs" or "Decendant" or collectively "Defendants"), by and through their attorneys, BRIAN L. HARVELL, LC, of SPOENEMAN, WATKINS, WALTRIP & HARVELL, L.L.P., and for their *Complaint* against the City of Pagedale ("Pagedale" or "City"), the Pagedale

Police Department ("Police") and/or John Doe #1, Police Officer, and John Doe #2, City Jailor ("Officer" or "Jailor" or collectively "Defendants"), state:

## JURISDICTION

1. Under the Eighth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act, specifically Title 42 of 42 USC ß 1983 and 1988, as well as under the Missouri Constitution, a prisoner held in the custody of the Pagedale Police has the right to be held in reasonably safe space and under reasonably safe conditions, has the right to medical treatment for serious medical needs, as well as the right to be free from cruel and unusual punishment.

2. This Court has jurisdiction under the provisions of Title 28 of the United States Code, Sections 1331 and 1343 and pendant jurisdiction over state claims, which arise out of the nucleus of operative facts giving rise to valid federal claims.

3. Plaintiffs bring suit against each and every Defendant in their individual and official capacities.

4. Each and every act of each Defendant, by its or his or her, agents, employees and/or representatives including, but not limited to Pagedale, Pagedale Police Department and John Doe #1, arresting officer, and John Doe #2, booking officer, Defendants, were done by these Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs and usages of Pagedale, and by virtue and under the authority of the Pagedale Police Department.

5. The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorney fees.

## GENERAL AVERMENTS

6. Kelvin Coleman is the biological father of Kelvin Dobbs, deceased, and is a proper party to bring this action pursuant to V.A.M.S. 537.080, *et seq.*

7. Dobbs was a resident of the state of Missouri immediately prior to his death and was entitled to all rights, privileges and immunities accorded all resident of St. Louis County and the State of Missouri.

8. Defendant Pagedale is a municipal corporation, formed pursuant to the laws of the State of Missouri. One of the functions of Pagedale is to organize, maintain, operate, staff and to supervise a police department.

9. Pagedale Police Department, is responsible for, and does in fact hire, train, supervise and instruct police officers and detention officers of all grades in the performance of their duties.

10. Defendants John Doe #1 and John Doe #2 were a residents of St. Louis County, State of Missouri, and were, at all times relevant, employed as police officers of the Pagedale Police Department. John Doe #1 was the arresting and transporting officer and John Doe #2 was the jailor, responsible for booking and confining Dobbs. Although Plaintiffs have some information and belief as to their actual identities, they are without sufficient information to precisely identify John Doe #1 or #2 at this time and will seek to substitute the proper names of these Defendants after a period of discovery.

11. On or about October 28, 2005, the decedent Dobbs was a resident of Pagedale, Missouri.

12. On or about October 28, 2005, Dobbs became involved in an argument and dispute with his girlfriend, who is the mother of their child.

13. Shortly thereafter, police officer John Doe #1 arrested Dobbs, who was distraught and despondent, and transported Dobbs to the Pagedale jail

14. Upon observing Dobb's distraught and despondent state, Defendants knew, or should have known, that he was suicidal.

15. Despite said knowledge, John Doe #1 failed to place Dobbs on suicide alert or watch at the Jail or adequately communicate with John Doe #2 who booked and processed Dobbs.

16. Defendants failed to follow Pagedale's express safety policies, regulations and customs that Police are to follow when receiving and processing prisoners, in receiving and processing Dobbs, in that was confined in his civilian clothing, including the belt to his pants.

17. Defendants allowed Dobbs to hang himself while in their custody and failed to timely and adequately discover that Dobbs had hanged himself despite closed circuit cameras in his cell and monitors in plain view of Police personnel, thereby depriving Dobbs of necessary and essential medical treatment and substantially reducing his chances of recovering from his injuries.

**COUNT I**
**WRONGFUL DEATH**
***(§ 537.080, et seq. (V.A.M.S.))***

18. Plaintiffs incorporate each and every averment contained in Paragraphs 1 through 18 as if fully stated herein.

19. By placing Dobbs in custody in the Pagedale jail, Defendants owed Dobbs a duty to make reasonable efforts to care for him in a reasonable and prudent manner, to exercise due care and caution in keeping him safe in and operating the Pagedale jail in

accordance with Missouri and Federal Constitutions, all applicable laws and the customs, polices and procedures of the Pagedale Police Department.

20. Defendants Dobbs took into custody and incarcerated him in an extremely careless, grossly negligent and reckless manner without concern for his safety, by, *inter alia*:

(a) Failing and refusing to place him on suicide alert or watch in light of his distraught and despondent state;

(b) Failing and refusing to provide necessary information to officers or jailors regarding Dobbs' distraught and despondent state so that he could properly be assesed as a suicide risk;

(c) Failing and refusing to properly asses Dobbs as a suicide risk, or upon such assessment taking any steps to prevent his suicide;

(d) Failing and refusing to relay information about Dobbs' state to subsequent police agencies and/or personnel accepting custody of Dobbs;

(e) Failing and refusing to adequately train officers, jailors, and other jail personnel responsible for the safety of prisoners about proper procedures and notification requirements for potentially suicidal inmates;

(f) Failing and refusing to take the basic required, customary and essential steps of removing Dobbs from street clothes, including the belt to his pants, in securing a safe confinement space for Dobbs;

(g) Failing and refusing to provide a safe confinement space for Dobbs;

(h) Failing and refusing to have an adequate system for monitoring prisoners, including Dobbs, in the Pagedale jail;

(i) Failing and refusing to use whatever prisoner monitoring systems that may have been in place in the Pagedale jail while Dobbs was in custody;

(j) Failing and refusing to adequately monitor Dobbs;

(k) Failing and refusing to adequately train and/or properly supervise officers, jailors and other personnel responsible for the safety of prisoners in techniques, methods and systems necessary to provide a reasonably secure confinement space for prisoners, including Dobbs;

(l) Failing and refusing to timely discover that Dobbs had hanged himself;

(m) Failing and refusing to discover that Dobbs was in need of serious medical attention and;

(n) Failing and refusing to provide Dobbs with timely and necessary medical care.

21. The acts and/or omissions of all Defendants herein violate the Missouri and United States Constitutions, all applicable law and the stated policy and procedure of the Pagedale and its Police Department and amount to gross negligence in that Defendants' conduct was so reckless that it demonstrated a substantial lack of concern and deliberate indifference for whether injury or death resulted.

22. As a direct and proximate result of the conduct and omissions of each and all of these Defendants, Dobbs died and Plaintiff Coleman is entitled to bring this claim for recover of the following pursuant to V.A.M.S. 537.080, *et seq.*:

(a) Reasonable medical, hospital, funeral and burial expenses;

(b) Conscious pain and suffering;

(c) Loss of financial support;

(d) Loss of service;

(e) Loss of gifts and other valuable gratuities;

(f) Loss of comfort, society and companionship;

(g) Compensatory, exemplary and punitive damages;

(h) Loss of parental training and guidance and parent-child relationship and;

(i) Any and all other damages otherwise recoverable under §537.080, *et seq.,* V.A.M.S. (2004 as amended).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter a Judgment in their favor and against Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand ($75,000) Dollars exclusive of costs, attorney fees and interest as well as punitive and/or exemplary damages.

## COUNT II
## LOST CHANCE OF RECOVERY

23. Plaintiff hereby re-alleges and restates each and every averment contained in Paragraphs 1 through 23 as if fully stated herein.

24. Kelvin Coleman is authorized by §§ 473.033 and 537.021.1(1) & (2) to bring an action for deceased's Dobbs' lost chance of recovery resulting from Defendants' failures to timely discover that Dobbs had hanged himself and/or that he required serious medical attention for life-threatening injuries, in that had Dobbs' condition been timely discovered and medical attention provided, he would have had a chance at surviving his injuries.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter a Judgment in their favor and against Defendants, jointly and severally, in an amount in

excess of Seventy Five Thousand ($75,000) Dollars exclusive of costs, attorney fees and interest as well as punitive and/or exemplary damages.

## COUNT III
## VIOLATION OF CIVIL RIGHTS
## *(42 USC ß 1983)*

25. Plaintiff hereby re-alleges and restates each and every allegation contained in Paragraphs 1 through 23 as if fully stated herein.

26. The acts or omissions by all Defendants were, *inter alia*:

(a) Unreasonable and performed knowingly, deliberately, indifferently, intentionally, maliciously and with gross negligence, callousness, and reckless indifference to Dobbs' safety, well-being and serious medical and/or psychological and/or psychiatric needs;

(b) In reckless and deliberate disregard for Dobbs' safety and with wanton intent for Dobbs to suffer the unnecessary and intentional infliction of pain from failing to obtain appropriate medical care and treatment and;

(c) Unreasonable and with reckless and deliberate indifference to the safety and well-being of Dobbs in failing to properly train, supervise, develop and implement polices and procedures so that Plaintiffs are entitled to compensatory, exemplary and/or punitive damages.

27. The conduct of all of Defendants, individually and as agents of Pagedale, deprived Dobbs of his clearly established rights, privileges and immunities in violation of the 4th, 5th and 14th Amendments of the Constitution of the United States and of 42 USC ß 1983 and 1988 as well as the Missouri Constitution.

28. The conduct of each Defendant, individually and as agents for Pagedale, and in execution of, and implementation of officially sanctioned policies, ordinances, regulations or customs of Pagedale, the Pagedale Police Department, exhibited a deliberate indifference to the serious medical, psychological and psychiatric needs by gross negligence and/or engaged in omissions to breach Dobbs' safety and caused deprivation of his individual rights, to wit:

(a) Failing and refusing to train police officers, deputies, detention officers in the proper use of assessing and determining psychological disturbances indicating an inmate may have a tendency to suicide, thereby requiring said inmate to be placed on suicide watch or alert while in custody;

(b) Failing to hire individuals with character and personality that would not pose a potential danger to the residents of Pagedale and Dobbs;

(c) Failing and refusing to determine the immediate need for medical attention including, but not limited to, psychiatric evaluation, to recognize the danger of an inmate committing suicide while in the custody of said Defendants;

(d) Knowingly and recklessly hiring and training police officers, deputies and detention officers individuals who are not able to determine medical emergencies and perform the necessary duties of their position;

(e) Knowingly and recklessly failing to discipline, instruct, supervise and/or control officers' conduct and thereby encouraging acts or omissions that contributed to Dobbs' death;

(f) Failing to adequately train officers to recognize medical and/or psychiatric emergencies and;

(g) Failing to render appropriate medical attention to a detainee that they knew was in dire need of serious medical attention;

(h) Placing Dobbs in a cell with a belt, which presented a dangerous and defective confinement environment.

29. All officials had a duty to adequately train and supervise, and all deputies, police officers, jailors and detention officers had a duty to properly care for, obtain medical treatment for, and to supervise and provide care and treatment to Dobbs that was not negligent or did not amount to a reckless and deliberate indifference to his safety and life.

30. As a direct and proximate result of the conduct and omissions of each and all of these Defendants, Dobbs died and Plaintiff Coleman is entitled to bring this claim for recover of the following pursuant to Title 42 of 42 USC ß 1983 and 1988 V.A.M.S. 537.080, *et seq.*:

(a) Reasonable medical, hospital, funeral and burial expenses;

(b) Conscious pain and suffering;

(c) Loss of financial support;

(d) Loss of service;

(e) Loss of gifts and other valuable gratuities;

(f) Loss of comfort, society and companionship;

(g) Compensatory, exemplary and punitive damages;

(h) Loss of parental training and guidance and parent-child relationship and;

(i) Any and all other damages otherwise recoverable under §537.080, *et seq.*, V.A.M.S. (2004 as amended).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter a Judgment in their favor and against Defendants, jointly and severally, in an amount in excess of Seventy Five Thousand ($75,000) Dollars exclusive of costs, attorney fees and interest as well as punitive and/or exemplary damages.

**SPOENEMAN, WATKINS,**
**WALTRIP & HARVELL L.L.P.**

Brian L. Harvell, LC, #90419
8000 Maryland, Suite 600
Telephone: 314/862-1110
Facsimile: 314/862-1105
Email: brian@harvelllaw.com
Attorneys for Plaintiff