UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KELVIN COLEMAN, et al.,                    )
                                            )
          Plaintiffs,                       )
                                            )
     vs.                                    )          Case No. 4:06CV01376 ERW
                                            )
CITY OF PAGEDALE, et al.,                   )
                                            )
          Defendants.                       )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Reconsider Portion of

Memorandum and Order Regarding Summary Judgment [doc. #66] and Plaintiffs' First Motion to

File Second-Amended Complaint (Hypothetical) [doc. #88].

**I.      BACKGROUND**

Kelvin Coleman filed this action individually and as plaintiff ad litem for Kelvin Dobbs,

and Pamela Dobbs-Coleman and D.B. (collectively, "Plaintiffs") later joined this action.[1]  In their

Amended Complaint, Plaintiffs seek to recover for the alleged violation of Plaintiff Kelvin Dobbs'

("Dobbs") constitutional rights during his confinement at the Pagedale Jail, and they also seek to

recover under the Missouri state law theories of wrongful death and lost chance of recovery.

Defendants moved for summary judgment, and the Court granted in part and denied in

part their Motion.  The Court granted summary judgment on all claims against the City of

Pagedale and on Plaintiff's claims against Defendant Ross and Defendant Turner for deliberate

indifference to a serious medical need.  These claims were dismissed with prejudice.  Plaintiffs are

_____

[1] Kelvin Coleman and Pamela Dobbs-Coleman are the biological parents of Kelvin Dobbs.
D.B. is a minor, and the biological son of Kelvin Dobbs.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

specifically asking the Court to reconsider the grant of summary judgment in favor of the City of Pagedale on Plaintiffs' claims under 42 U.S.C. § 1983.

## II.     DISCUSSION:  MOTION TO ALTER OR AMEND THE JUDGMENT

Under the Federal Rules of Civil Procedure, a Motion to Alter or Amend the Judgment may be filed within ten days of the entry of the judgment.  Fed. R. Civ. P. 59(e).  As the Federal Rules do not allow for a "Motion to Reconsider Portion of Memorandum and Order," the Court shall construe Plaintiffs' Motion as one to alter or amend the judgment under rule 59(e).  *See Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).  Specifically, the Eighth Circuit has held that "any motion questioning the correctness of a judgment is functionally a Fed. R. Civ. P. 59(e) motion, regardless of how the motion is styled."  *Id.* (*citing Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996)).  "The Rule was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982) (*quoting Notes of Advisory Committee on 1946 Amendment to Rules*, 5 F.R.D. 433, 476 (1946)).

Motions under Fed. R. Civ. P. 59(e) serve to correct "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations omitted).  The Court "has broad discretion in determining whether to grant a [Fed. R. Civ. P. 59(e)] motion." *Innovative Home Health Care, Inc.*, 141 F.3d at 1286 (internal citations and quotations omitted).  Plaintiffs' motion was filed within 10 days of entry of judgment, and is timely.  Plaintiffs do not assert newly discovered evidence as the basis for their Fed. R. Civ. P. 59(e) motion.  *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).  Rather, Plaintiffs' motion is premised on the belief that

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the Court committed manifest errors of law or fact. *See id.* Specifically, Plaintiffs assert that the Court erred in finding that Plaintiffs did not present evidence sufficient to overcome summary judgment on whether there existed "a custom or usage with the force of law." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 796 (1997).

"In a section 1983 action, a municipality may only be liable for constitutional violations which result from a policy or custom of the municipality." *Turney v. Waterbury*, 375 F.3d 756, 761-62 (8th Cir. 2004) (*quoting Yellow Horse v. Pennington County*, 225 F.3d 923, 928 (8th Cir. 2000). However, to survive summary judgment, Plaintiff must present sufficient evidence which would enable a jury to return a favorable verdict regarding the existence of a "custom or usage with the force of law." *McMillian*, 520 U.S. at 796. A claim based upon a city's failure to properly train its employees is to be addressed as an allegation of a city policy or custom. *Turney*, 375 F.3d at 761-62.

In the Court's Memorandum and Order dated January 15, 2008, the Court concluded that Plaintiffs had not presented sufficient evidence of a policy or custom that would support a verdict in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In the pending motion, Plaintiffs dispute the Court's finding that they did not present sufficient evidence. Specifically, Plaintiffs point to a vague statement in Defendant Turner's deposition which indicates that transporting officers at Pagedale do not have the same duties as arresting officers as evidence of a custom or practice. Additionally, Plaintiffs rely upon Jainna Brown's testimony that she did not receive any training over watching the monitors and Defendant Ross' testimony that clerks had too much work to adequately watch the monitors.

## A. Custom or Practice - Transporting Officers and General Order 9-28

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

For a city to be liable under 42 U.S.C. § 1983, a plaintiff must demonstrate that their injury resulted from "either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." *Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). Plaintiffs have introduced no evidence of an "official municipal policy" that transporting officers do not follow General Order 9-28, so the Court's inquiry is into the presence of a custom. Evidence "of a single incident of unconstitutional activity is not sufficient to impose liability." *Mann v. Yarnell*, 497 F.3d 822, 828 (8th Cir. 2007). Rather, the practice must be "permanent and well-settled." *Davison v. City of Minneapolis, Minn*, 490 F.3d 648, 659 (8th Cir. 2007). Specifically, a plaintiff must establish:

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> (2) Deliberate indifference to or a tacit authorization of such conduct by the governmental entity's policymaking officials after notice of that misconduct; and
> (3) . . . that the custom was the moving force behind the [injury].

*Ware v. Jackson*, 150 F.3d 873, 880 (8th Cir. 1998) (internal citations omitted); *Lazarus v. City of Dumas, Ark.*, 123 Fed.Appx. 266, 267 (8th Cir. 2005).

The Court's determination that summary judgment was appropriate regarding the existence of a custom was based upon the first element above, and the Court's belief that Plaintiffs did not introduce sufficient evidence of a pattern of unconstitutional misconduct. The Court affirms this conclusion from the Memorandum and Order dated January 15, 2008. However, even assuming that Defendant Turner's vague deposition testimony that transporting officers at Pagedale do not have the same duties as arresting officers is sufficient to satisfy this first element, this claim still fails. Plaintiffs have introduced absolutely no evidence that officials were deliberately indifferent or tacitly authorized the violation of General Order 9-28. Summary judgment was proper on this claim.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## A.      *Failure to Train - Clerks Watching Monitors*

A city's failure to train their "employees is one way in which an entity can exhibit deliberate indifference toward the rights of others." *Turney*, 375 F.3d at 762. For a city to be liable, a plaintiff must demonstrate that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that [the city] can reasonably be said to have been deliberately indifferent to the need." *Ambrose v. Young*, 474 F.3d 1070, 1079-80 (8th Cir. 2007). Not all failures to train will result in liability under 42 U.S.C. § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

Plaintiffs claim that the City of Pagedale was deliberately indifferent to the need for more training in order to prevent suicides in their jail. Specifically, Plaintiffs point to the fact that the City of Pagedale did not provide Defendants Ross and Turner with training in how to identify individuals who were a suicide risk, and that the City of Pagedale did not train Jainna Brown in how to watch the monitors, and that all clerks at the police station were given too many other job duties which prevented them from regularly watching the monitors.

The fact that Defendants Ross and Turner did not receive this training from Pagedale is unimportant as they were trained in the identification of individuals who presented a suicide risk in their previous positions with other police departments. There is no indication that the training Defendants Ross and Turner received is deficient. Additionally, Plaintiffs have not introduced evidence of any police officer employed by the City of Pagedale who did not receive training in how to identify individuals who present a risk of suicide. As a result, Plaintiffs have failed to indicate any "need for more or different training." *Ambrose*, 474 F.3d at 1079-80.

Additionally, the Court is not persuaded that there was a manifest error of law or fact in the Court's Memorandum and Order finding that the City of Pagedale could not be liable for

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

failing to train Jainna Brown in how to watch the monitors, and in giving clerks at the police station other job duties. *See Hagerman*, 839 F.2d at 414. Plaintiffs have not presented any evidence that "the need for more or different training is so obvious" that the City of Pagedale was deliberately indifferent. *Id.* The deposition testimony which indicated that clerks had too much work to do to effectively monitor detainees is not a sufficient basis for a jury to determine that a custom of not adequately monitoring inmates existed. *See Ware*, 150 F.3d at 880. The Court does not believe that Plaintiffs have provided any evidence or argument sufficient to overcome this Court's prior analysis and judgment.

## IV.     DISCUSSION: SECOND AMENDED COMPLAINT

Plaintiff's Motion to file a hypothetical complaint is moot as a result of this order.

## V.     CONCLUSION

The Court is not persuaded by the Plaintiff's additional arguments, and having reviewed its Memorandum and Order dated January 15, 2008, now denies Plaintiffs' Motion to Amend or Alter the Judgment, as construed under Federal Rule 59(e).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider Portion of Memorandum and Order Regarding Summary Judgment [doc. #66] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' First Motion to File Second-Amended Complaint (Hypothetical) [doc. #88] is **DENIED** as moot.

Dated this <u>30th</u> Day of <u>January</u>, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com