UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN COLEMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06CV01376 ERW |
| ) | |
| CITY OF PAGEDALE, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Plaintiffs' Motion to Permit Jury to View Videotape at Pagedale Police Department [doc. #82], Plaintiffs' First Motion in Limine to Bar References to Comparative Fault [doc. #94], Plaintiffs' Request for Judicial Notice of Life Expectancy Tables [doc. #85], Plaintiffs' Request for Judicial Notice of its Statutes and Math [doc. #90], Plaintiffs' First Motion in Limine to Bar Admission of Testimony of Dori Moffat [doc. #92], Defendants' Motions in Limine [doc. #101], and Plaintiffs' First Motion in Limine to Bar Witnesses [doc. #102].

**I.   PLAINTIFFS' MOTION TO PERMIT JURY TO VIEW VIDEOTAPE AT PAGEDALE POLICE DEPARTMENT [doc. #82]**

Plaintiffs ask to show the jury a videotape that shows Mr. Dobbs in the holding cell. This video shows Kelvin Dobbs wearing his street clothes, hanging himself, how long it was before he was discovered, and Defendants' actions upon discovering Mr. Dobbs.

Subject to the Courts' full review of the videotape submitted to the Court, it is the ruling of the Court that Plaintiff may show the videotape to the jury up to the time immediately before

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Mr. Dobbs removes his belt. This includes the period of time until he first came into the police station and all time he was in any location within the police station.

The Court will not permit the jury to see Mr. Dobbs actually remove his belt and take the action of placing the belt on his neck and the result that followed. The Court concludes that the prejudicial effect far outweighs any probative value this section of the video would provide.

The Court will, however, permit the video to be shown to the jury from the time after Mr. Dobbs' body was removed from the position with his belt around his neck, when he was placed on the cot, until he was removed from the cell and placed in the ambulance. Additionally, the Court will allow a complete time line of these events[1] to be presented to the jury.

## II. PLAINTIFFS' FIRST MOTION IN LIMINE TO BAR REFERENCES TO COMPARATIVE FAULT [doc. #94]

Mr. Dobbs was a pretrial detainee. As a pretrial detainee, he had a relationship with Defendants in which they possessed a duty to protect Mr. Dobbs from harm, including self harm and suicide. *See Frentzel v. Boyer*, 2007 WL 1018663, at *6 (E.D. Mo. 2007). This relationship is recognized by the Restatement of Torts as an exceptional relationship, where:

> the duty, and hence responsibility for the situation, has been shifted to a third person, the original actor is relieved of liability for the result which follows from the operation of his own negligence. The shifted responsibility means in effect that the duty, or obligation, of the original actor in the matter has terminated, and has been replaced by that of the third person.

Restatement (Second) of Torts § 452, cmmt. d. "The jailer-detainee relationship is an exceptional circumstance in which the duty to protect against a known possibility of self-inflicted harm transfers entirely to the jailer, and comparing the fault of the detainee is therefore not

---

[1] Time line may include events from videotape that are not shown to the jury.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

appropriate." *Sandborg v. Blue Earth County*, 615 N.W.2d 61, 64 (Minn. 2000). Plaintiffs' objection to the admission of evidence of comparative fault is sustained.

## III.   PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF LIFE EXPECTANCY TABLES [doc. #85]

Plaintiffs request that the Court take judicial notice of Kelvin Dobbs' life expectancy of 71.8 years, which is 48.5 years beyond the date on which he died. The Court will, upon the initiation of Plaintiffs' counsel, take judicial notice of the life expectancy of a male, of the age of Mr. Dobbs at the time of his death, relying on the American Experience according to the most recent authoritative source.

## IV.   PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF ITS STATUTES AND MATH [doc. #90]

Plaintiffs request that the Court take judicial notice of several statutes dealing with minimum wage, discount rates, interest rates and the present value of dollars. After examining the stipulation of the parties, and subject to objections, this motion will be granted and the Court will advise the jury accordingly.

## V.   PLAINTIFFS' FIRST MOTION IN LIMINE TO BAR ADMISSION OF TESTIMONY OF DORI MOFFAT [doc. #92]

Dori Moffat was an EMS worker who responded to the EMS call for the injury to Kelvin Dobbs' hand, and has been identified as a witness Defendants may call at trial. In her deposition she had an incomplete memory of treating Kelvin Dobbs, and Plaintiffs argue that any testimony she gave would constitute an unfair surprise. Plaintiffs' objection to the admission of testimony of Dori Moffat is overruled.

## VI.   DEFENDANTS' MOTIONS IN LIMINE [doc. #101]

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*1. Defendants' Motion to Exclude Evidence of Delay in Rendering First Aid*

Defendants seek the exclusion of any evidence relating to a delay in rendering first aid or other care to Kelvin Dobbs. Defendants' objection to the admission of this evidence is overruled.

*2. Defendants' Motion to Exclude Evidence Relating to Jainna Brown's Training*

This objection will be sustained, subject, however, to a showing, out of the hearing of the jury, of how her deficient training is relevant. Plaintiffs may show facts that demonstrate that Ms. Brown was distracted from the task of viewing a monitor or monitors. The Court is persuaded that her training, since the City of Pagedale is not a party, is irrelevant.

*3. Defendants' Motion to Exclude the Videotape*

This issue is fully discussed in Section I, above, and Defendants' Motion will be sustained in part and overruled in part.

*4. Defendants' Motion to Exclude Evidence of Any Reprimand of Defendant Ross*

The Court will make a decision at trial on the admissibility of the written reprimand of Defendant Ross, after determining if it is hearsay, and if so, whether any hearsay exception exists that will permit it to be presented to the jury.

*5. Defendants' Motion to Exclude Evidence Regarding Defendants' Negligence Until Plaintiffs Establish Kelvin Dobbs' Insanity and That Defendants' Negligence Caused His Insanity*

Defendants assert that under Missouri law, suicide constitutes an intervening and superseding cause that will break the chain of causation between any alleged negligence by Defendants and the death. Defendants further state that where suicide is claimed to have resulted from a defendant's negligence, a plaintiff must demonstrate that (1) the decedent was insane, and (2) the defendant's alleged negligence caused that insanity. To support this argument, Defendants

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

rely upon three Missouri court opinions. *See Eidson v. Reproductive Health Services*, 863 S.W.2d 621 (Mo. Ct. App. 1993) (lawsuit against an abortion provider after a decedent committed suicide after receiving an abortion), *Beer v. Upjohn*, 943 S.W.2d 691 (Mo. Ct. App. 1997) (lawsuit alleging insomnia medication led to suicide), and *Neurological Medicine, Inc. v. General American Life Insurance Co.*, 921 S.W.2d 64 (Mo. Ct. App. 1996) (lawsuit claiming incorrect diagnosis on Medicare claim form resulted in suicide).

These three cases are all readily distinguishable from the present action, as none of these cases involve a fact situation where the defendant owed an affirmative duty to protect the decedent from harming himself. In this action, Mr. Dobbs was a pretrial detainee. As discussed in Section II, above, Mr. Dobbs had a relationship with Defendants in which they possessed a duty to protect Mr. Dobbs from harm, including self harm and suicide. *See Frentzel*, 2007 WL 1018663, at *6; *Hott v. Hennepin County, MN*, 260 F.3d 901, 909 (8th Cir. 2001) (jailor has duty to prevent inmate suicide). The rational used in these three cases is simply inapplicable to the present action due to the exceptional relationship, and duty, that existed between Mr. Dobbs and Defendants. *See* Restatement (Second) of Torts § 452, cmmt. d. Defendants' objection the admission of this evidence is overruled.

**VII. PLAINTIFFS' FIRST MOTION IN LIMINE TO BAR WITNESSES [doc. #102]**

Plaintiffs assert that Tom Gaylor, Chief Al Keyes, Fran Stevens and Gloria Williams were not disclosed to Plaintiffs as witnesses and should be barred from testifying at trial. Plaintiff's objection to this testimony will be overruled.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Permit Jury to View Videotape at Pagedale Police Department [doc. #82] is **GRANTED in part** and **DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiffs' First Motion in Limine to Bar References to Comparative Fault [doc. #94] is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Request for Judicial Notice of Life Expectancy Tables [doc. #85] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Request for Judicial Notice of its Statutes and Math [doc. #90] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' First Motion in Limine to Bar Admission of Testimony of Dori Moffat [doc. #92] is **OVERRULED.**

**IT IS FURTHER ORDERED** Defendants' Motions in Limine [doc. #101] are **SUSTAINED in part** and **OVERRULED in part.** Defendants' Motion in Limine (1) is **SUSTAINED**. Defendants' Motion in Limine (2) and (5) are **OVERRULED**. Defendants' Motion in Limine (3) is **SUSTAINED in part** and **OVERRULED in part.** The Court will determine the admissibility of the reprimand objected to in Defendants' Motion in Limine (4) at trial.

**IT IS FURTHER ORDERED** that and Plaintiffs' First Motion in Limine to Bar Witnesses [doc. #102] is **OVERRULED.**

Dated this 5th Day of February, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com