UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN COLEMAN, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06CV01376 ERW |
| ) | |
| CITY OF PAGEDALE, et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for New Trial [doc. #131].

I.  **BACKGROUND**

Kelvin Dobbs ("Dobbs") was arrested by Hugh Ross on October 28, 2005. When Dobbs arrived at the Pagedale Jail, he was placed in the holding cell he was wearing his street clothes, including hat, belt, shoes and shoelaces. Dobbs committed suicide that night, using his belt to hang himself.

Kelvin Coleman filed this action individually and as plaintiff ad litem for Kelvin Dobbs, and Pamela Dobbs-Coleman and D.B. (collectively, "Plaintiffs") later joined this action.[1] In their Amended Complaint, Plaintiffs allege that the City of Pagedale, the Pagedale Police Department, Hugh Ross, and Herschell Turner violated Dobbs' constitutional rights during his confinement at the Pagedale Jail, and they also sought recovery under the Missouri state law theories of wrongful death and lost chance of recovery.

---

[1] Kelvin Coleman and Pamela Dobbs-Coleman are the biological parents of Kelvin Dobbs. D.B. is a minor, and the biological son of Kelvin Dobbs.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiffs originally named the Pagedale Police Department as a defendant in this suit, however, Plaintiffs' claims against the Pagedale Police Department were dismissed in an Order dated May 15, 2007 as the Pagedale Police Department is not a legal entity and not a suitable defendant.

Plaintiffs' claims against the City of Pagedale, Hugh Ross, and Herschell Turner (collectively, "Defendants") continued, however, summary judgment was granted on Plaintiffs' claims against the City of Pagedale, and it was also granted on Plaintiffs' claim for deliberate indifference to a serious medical need against Hugh Ross and Herschell Turner.

Plaintiff's claims against Hugh Ross and Herschell Turner for wrongful death, lost chance of recovery, and deliberate indifference to a known risk of suicide survived summary judgment. During the trial, Defendants moved for a directed verdict on Plaintiffs' claims for wrongful death and lost chance of recovery. The Court granted Defendants' Motion. The trial concluded on February 13, 2008, and the jury found in favor of Defendants Hugh Ross and Herschell Turner on Plaintiff's claim of deliberate indifference to a known risk of suicide.

## II. LEGAL STANDARD

Plaintiffs ask the Court for a new trial pursuant to Fed. R. Civ. P. 59. "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). A new trial should be granted where "the jury quite clearly reached a seriously erroneous result in spite of the clear weight of the evidence." *Leichihman v. Pickwick Intern.*, 814 F.2d 1263, 1267 (8th Cir. 1987). The key question for the Court to consider is whether a new trial is necessary "to avoid a miscarriage of justice." *McKnight v. Johnson Controls*, 36 F.3d 1396, 1400 (8th Cir. 1994).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**III. DISCUSSION**

Plaintiffs assert that they are entitled to a new trial because (1) the Court erred in using Defendant's proposed jury instruction, which required Plaintiffs to prove that Defendants caused Dobbs to become insane through their negligence and that he killed himself as a result, (2) the Court erred in finding that suicide was an intervening cause that would break the chain of causation as to Plaintiffs' wrongful death claims, (3) the Court erred in determining that Plaintiffs could not submit wrongful-death claims along with federal § 1983 claims, or alternately, that any wrongful-death claim must satisfy the deliberate indifference standard instead of mere negligence, and (4) that the Court erred in dismissing Plaintiff's claims against the City of Pagedale on Defendants' Motion for Summary Judgment.

The Court begins by noting that Plaintiffs' third argument fails. Plaintiffs note in their Memorandum in Support, and the Court agrees, that the Court granted judgment on Plaintiffs' wrongful death claim on the basis of suicide being an intervening act. Whether a negligence standard or deliberate indifference standard would have been appropriate for this claim was not considered by the Court in making the challenged ruling. As this was not the basis for the Court's decision, Plaintiffs' argument does not establish a legal error requiring a new trial. *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996).

**A. SUICIDE AS AN INTERVENING ACT**

The first two grounds for Plaintiffs' Motion for New Trial all relate to the Court's decision to grant Defendants' Motion for Directed Verdict on Plaintiffs' claim for wrongful death, and will be considered together. The Court determined that under Missouri law, a voluntary suicide "is considered a new and independent intervening act which breaks the causal connection between the allegedly negligent act and the death." *Eidson v. Reproductive Health Services*, 863 S.W.2d

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

621, 627 (Mo. Ct. App. 1993). As a result, a plaintiff is unable to recover unless they are able to prove that:

> defendant's allegedly negligent act caused decedent to become insane in the sense that 1) the insanity prevents the injured party from understanding what he or she is doing or from understanding its inevitable or probable consequences or 2) the injured party's act is done under an insane impulse which is irresistible because the insanity has prevented his or her reason from controlling his or her actions.

*Id.* at 627; *see also Beer v. Upjohn*, 943 S.W.2d 691 (Mo. Ct. App. 1997); *Neurological Medicine, Inc. v. General American Life Insurance Co.*, 921 S.W.2d 64 (Mo. Ct. App. 1996).

Plaintiffs assert that this well established requirement does not apply to their claims, citing the duty owed by Defendant Ross and Defendant Turner to Dobbs. In support of their argument, Plaintiffs rely upon several court opinions from other states. *See, e.g., Taylor v. Wausau Underwriters Ins. Co.*, 423 F.Supp.2d 882, 898 (E.D. Wis. 2006); *Epelbaum v. Elf Atochem, North America, Inc.*, 40 F.Supp.2d 429 (E.D. Ky. 1999). Plaintiffs are correct that some states will uphold a negligence action such as this, however, no Missouri case has ever upheld a negligence action against police officers when an inmate or detainee has committed suicide. Plaintiffs have not demonstrated that the Court's decision to grant a directed verdict on their wrongful death claim was a legal error, and a new trial is not necessary "to avoid a miscarriage of justice." *Gray*, 86 F.3d at 1480; *McKnight*, 36 F.3d at 1400.

## B. CITY OF PAGEDALE

Plaintiff's final ground for this Motion is that the Court erred in granting summary judgment on their claim against the City of Pagedale. The Court considered Plaintiffs' arguments on summary judgment, and in the Motion to Reconsider filed by Plaintiffs. Today, the Court again finds that summary judgment was appropriate.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

For a city to be liable under 42 U.S.C. § 1983, a plaintiff must demonstrate that their injury resulted from "either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury." *Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). Evidence "of a single incident of unconstitutional activity is not sufficient to impose liability." *Mann v. Yarnell*, 497 F.3d 822, 828 (8th Cir. 2007). Rather, the practice must be "permanent and well-settled." *Davison v. City of Minneapolis, Minn*, 490 F.3d 648, 659 (8th Cir. 2007).

Plaintiffs did not introduce sufficient evidence of a pattern of unconstitutional misconduct or that officials were deliberately indifferent or tacitly authorized the violation of General Order 9-28. Additionally, Plaintiffs failed to indicate any "need for more or different training." *Ambrose v. Young*, 474 F.3d 1070, 1079-80 (8th Cir. 2007). Summary judgment was proper on Plaintiffs' claims against the City of Pagedale.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for New Trial [doc. #131] is **DENIED.**

Dated this 16th Day of June, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com